UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH CALLAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-247 |
| | § | |
| DEUTSCHE BANK TRUST COMPANY | § | |
| AMERICAS, AS TRUSTEE FOR THE | § | |
| CERTIFICATEHOLDERS OF DOVER, | § | |
| MORTGAGE CAPITAL 2005-A | § | |
| CORPORATION, GRANTOR TRUST | | |
| CERTIFICATE, SERIES 2005-A | | |
| | | |
| Defendant. | | |

## OPINION AND ORDER

Pending before the Court in the above referenced foreclosure action is (1) a Motion for Summary Judgment filed by Defendant Deutsche Bank National Trust Company Americas, as Trustee for the Certificateholders of Dover Mortgage Capital 2005-A Corporation, Grantor Trust Certificate Series 2005-A ("Defendant"/ "Deutsche") (Doc. 6);[1] (2) an Opposed Motion for Leave to File an Amended Complaint filed by Plaintiff Elizabeth Callan ("Plaintiff"/ "Callan") (Doc. 11); and (3) a Cross-Motion for Summary Judgment filed by Callan (Doc. 12).  On January 27, 2014, United States Magistrate Judge Frances Stacy issued a Memorandum and Recommendation (M&R) (Doc. 20) recommending that Defendant's motion for summary judgment be granted and Plaintiff's motion for leave to file an amended complaint and cross-motion for summary judgment be denied.  Plaintiff filed objections to the M&R (Doc. 21) and

---

[1] Responsive pleadings include the following:
    Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 12)
    Reply in Support of Defendant's Motion for Summary Judgment (Doc. 15)
    Surreply in Opposition to Defendant's Motion for Summary Judgment (Doc. 16)
    Reply to Surreply in Support of Defendant's Motion for Summary Judgment (Doc. 17)

Defendant filed a response thereto (Doc. 22).  For the reasons explained below, after conducting a *de novo* review of Plaintiffs' objections, the Court declines to adopt the Magistrate Judge's M&R, grants Plaintiff's motion for leave to file an amendment complaint, denies Defendant's motion for summary judgment, and grants Plaintiff's cross-motion for summary judgment.

## I.    Background

The facts in this case are undisputed.  In August 2004, Callan obtained a home equity loan (the "Loan") from Deutsche's predecessor in interest, Bank of America, which was secured by her property at 4818 Bayou Vista Drive, Houston, Texas 77091 ("the Property).  Original Pet. ¶¶ 4, 11 (Doc. 1-3); Note (Doc. 12-1 p. 10–12); Deed of Trust (Doc. 12-1 p. 13–19).  Plaintiff failed to remit her monthly payment due August 2006, and the Loan has been in arrears since that date.  Doc. 1-3 ¶ 23; Notice of Default (Doc. 12-1 p. 23).

On November 6, 2007, Deutsche sent Callan notice that it had elected to accelerate the maturity of the Loan.  2007 Notice of Acceleration (Doc. 12-1 p. 25–26).  Deutsche sent a second formal notice of acceleration on July 8, 2008.  2008 Notice of Acceleration (Doc. 12-1 p. 27–28).  On July 24, 2008, Deutsche filed an application for expedited non-judicial foreclosure in the 295th District Court of Harris County, Texas, Cause No. 2008-44989.  Doc. 1-3 ¶ 12; Verified Tex. Rule Civ. P. 736 Appl. for Home Equity Foreclosure Order (Doc. 12-1 p. 1–9).  For reasons not explained in the record, Deutsche filed a motion to dismiss the application which was granted on November 5, 2008.  Doc. 1-3 ¶ 18.

Deutsche filed a second application for expedited non-judicial foreclosure in the same court on February 4, 2009, Cause No. 2009-07482.  Doc. 1-3 ¶ 19.  The court granted the application on April 13, 2009, thereby giving Deutsche authority foreclose the Property.  Again, for reasons that are not explained in the record, Defendant did not proceed with the foreclosure.

On August 2, 2010, Callan filed for Chapter 13 bankruptcy.  Doc. 11-1 ¶ 19.  The proceeding was dismissed two months and 16 days later on October 18, 2010.  *Id.*; Order of Dismissal (Doc. 6-4).

On November 3, 2011, Deutsche sent Callan a notice of rescission of acceleration of Loan maturity stating:

> Mortgagee under the Deed of Trust referenced below hereby rescinds the notice of acceleration dated December 17, 2008 and all prior notices of acceleration. Mortgagee further agrees that Borrower may continue to pay the indebtedness due Mortgagee pursuant to the terms of the debt secured by the Deed of Trust.

Notice of Rescission (Doc. 15-1).  On August 27, 2012, Defendant filed a third application for expedited non-judicial foreclosure, Cause No. 2012-49290, which was granted.[2]  Doc. 1-3 ¶ 19.

On January 2, 2013, Callan filed suit in Texas state court for a declaratory judgment that more than four years had elapsed since the Deutsche's cause of action accrued and that the lien and power of sale had expired.  *Id.* ¶ 10.  She also requested costs and attorney's fees under § 37.009 of the Texas Civil Practice and Remedies Code.  *Id.* ¶ 33–35.  Defendant timely removed the case to this Court on the basis of diversity jurisdiction.  Notice of Removal (Doc. 1).

## II.    Motion for Leave to File Amended Complaint

Deutsche filed its motion for summary judgment on April 23, 2013, prior to the initial conference.  At the initial conference on May 7, 2013, Callan requested and was granted an extension of time to respond to Deutsche's motion and leave to file an amended complaint.

---

[2] Plaintiff asks the Court to take judicial notice of the contents of all three of Deutsche's applications for expedited non-judicial foreclosure pursuant to Rule 201 of the Federal Rules of Evidence.  Under Rule 201, the Court may take judicial notice of a fact that is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).  A court may take judicial notice of documents filed in another court to establish the fact of such litigation and related filings, but it may not take judicial notice of the factual findings of another court.  *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998).  Here, Plaintiff asks the Court to take judicial notice of the contents of the applications only for the fact that they were filed, not for the truth of the statements therein.  There is no legal reason why the Court may not take judicial notice of such facts and Deutsche has made no objection.  Accordingly, the Court will take judicial notice of the contents of the three foreclosure applications.

Callan filed both her amended complaint and response on May 30, 2013.  She seeks to amend her complaint in order to correct the accrual date for the calculation of the statute of limitations on the lien at issue.  Pl.'s Mot. for Leave to File Am. Compl. (Doc. 11).  In her Original Petition, Callan erroneously calculated the statute of limitations using the date of her default as the date of accrual.  Doc. 1-3 ¶ 25.  As discussed *infra*, the accrual date in this case is the date of acceleration, not the date of default.  Callan's amended complaint correctly calculates the statute of limitations on Deutsche's lien using the date of acceleration, November 6, 2007, as the date of accrual.  Doc. 11-1 ¶ 10.  Defendant does not dispute that November 6, 2007 is the date of acceleration.  Plaintiff's amended complaint does not allege new or different facts or raise new theories of recovery.  Plaintiff does, however, seek to add an additional claim for quiet title based on the same theory that Deutsche's lien is expired.  Doc. 11.  Deutsche argues, without any reasoning or analysis of the amended complaint, that granting Plaintiff leave to amend her complaint will delay the resolution of the pending lawsuit and prejudice Deutsche's motion for summary judgment.  Doc. 14 ¶ 1.

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  There is generally a presumption in favor of granting leave to amend and a motion for leave to amend should not be denied unless there is undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies; or undue prejudice to the opposing party.  *U.S. ex rel Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003).  Attempts to raise new theories of recovery by amendment where the opposing party has filed a motion for summary judgment will be closely scrutinized.  *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999).

Here, the Court finds that Callan has good reason to amend her complaint.  The amended complaint correctly applies the law to the facts and does not raise new facts or theories. Allowing amendment will not affect Deutsche's pending motion for summary judgment. Deutsche has not alleged any bad faith or dilatory motive on the part of Callan, and the Court finds that there is none.  Accordingly, Callan's motion for leave to file an amended complaint is granted.  The Court will consider the amended complaint in ruling on the pending cross-motions for summary judgment.

III.    **Cross-Motions for Summary Judgment**

A.    *Legal Standard*

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the non-movant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The substantive law governing the claims determines the elements essential to the outcome of the case and thus determines which facts are material.  *Id.* Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating that case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248–49.

### B.    *Statute of Limitations*

The issue of whether a suit is time-barred is properly resolved at the summary judgment stage so long as there is no genuine issue of material fact in dispute. *See Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008). Under Texas law, "a sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues," and "on the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the lien becomes void." TEX. CIV. PRAC. & REM. § 16.035(b), (d). Ordinarily, the cause of action does not begin to accrue until "the maturity date of the last note, obligation, or installment." *Id.* § 16.035(e). Where the note or deed of trust contains an optional acceleration clause, however, as in this case, the cause of action accrues "only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001) (citing *Hammann v. H.J. McMullen & Co.*, 62 S.W.2d 59, 61 (Tex. 1933); *Curtis v. Speck*, 130 S.W.2d 348, 351 (Tex. App.—Galveston 1939, writ ref'd).

### C.    *Analysis*

It is undisputed that Deutsche exercised its option to accelerate the Loan on November 6, 2007. Deutsche raises a single argument in support of its motion for summary judgment—that the statute of limitations on Callan's claims has not expired because she "revived and reaffirmed the debt" pursuant to Texas Civil Practice and Remedies Code § 16.065 by acknowledging the Loan in the schedules she filed in her bankruptcy proceedings. Def.'s Mot. for Summary J. ¶ 13 (Doc. 6). Section 16.065 provides as follows:

> An acknowledgement of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged.

TEX. CIV. PRAC. & REM. CODE § 16.065 (emphasis supplied).   In support of this argument, Deutsche relies on *Dominguez v. Castaneda*, 163 S.W.3d 318 (Tex. App.—El Paso 2005, pet denied).   In that case, the Texas Court of Appeals affirmed the holding of the trial court that a claim barred by the statute of limitations under § 16.035 may be, and was revived by a subsequent acknowledgment of its justness, which occurred when the plaintiff included the debt in her Chapter 13 bankruptcy proceedings.   *Id.* at 324.   In reaching its decision, the court stated, "[W]e agree with the trial court that the [bankruptcy] filing was a promise to pay, albeit in compliance with the limitations of the Bankruptcy Code, in writing and signed by the Appellant as required by § 16.065."   *Id.* at 328.   The court noted that the date of the bankruptcy dismissal triggered a new obligation to pay the debt.   *Id.*

Based on *Dominguez*, Deutsche argues that Callan's obligation under the Note was "renewed and reviewed" upon the dismissal of her bankruptcy case on October 18, 2010, thereby extending the limitations period to October 18, 2014.   Callan filed a response to Deutsche's motion wherein she argues that § 16.065 is inapplicable to her claims because at the time of her bankruptcy dismissal, the statute of limitations on the lien had not yet expired.   Pl.'s Resp. to Def.'s Mot. for Summary J. and Cross-Mot. for Summary J. ¶¶ 6–8 (Doc. 12).   Thus, her acknowledgment of the debt in that proceeding would not revive a claim already barred.   She further argues that *Dominguez* is likewise inapposite because in that case, the statute had already expired at the time the bankruptcy was dismissed, and in her case, the statute had not expired at the time her bankruptcy was dismissed.   *Id.* ¶ 6.   In addition, Callan points out Deutsche never offers an accrual date for the cause of action in its motion for summary judgment, only the alleged date of "revival."   *Id.*   Because the statute of limitations had not yet expired, it could not have been "revived" by her acknowledgement of the Loan in the bankruptcy proceeding.   *Id.* ¶ 8.

Deutsche filed a reply attempting to analogize *Dominguez* by arguing the debt was acknowledged when Dominguez filed her schedules in the bankruptcy proceeding, which occurred during the limitations period, and glossing over the court's holding that the bankruptcy dismissal date, which was outside the limitations period, was the date when the debt was acknowledged, thereby triggering the new limitations period.  Def.'s Reply in Support of its Mot. for Summary J. ¶ 6–7 (Doc. 15).

The Court agrees with Callan that section 16.065 has no applicability where the claim is not already barred by the statute of limitations.  *Zuehlke v. Irvin*, 32 S.W.2d 868, 838 (holding predecessor to § 16.065 had no application where the indebtedness represented by the note was not barred when promise to pay same was made).  Section 16.065 is premised on the common law doctrine of "acknowledgement."  "Under that doctrine an action *barred* by limitation is *revived* by the debtor's new promise to pay upon which the creditor may then sue."  *Murphy v. Fairfield Fin. Grp., Inc.*, No. 03-99-00562-CV, 2000 WL 689758, at *5 (Tex. App.—Austin May 31, 2000, no pet.) (emphasis supplied)).  A written acknowledgment of the justness of a claim during the pendency of the limitations period does not restart the limitations period for that claim.  Since Callan's acknowledgement of the Loan during her bankruptcy proceedings occurred during the pendency of the limitations period, that acknowledgment had no effect on the statute of limitations for Deutsche's claim.  Deutsche's motion for summary judgment on this basis is denied.

Callan filed a cross-motion for summary judgment, arguing that the undisputed evidence shows that the accrual date for Deutsche's cause of action was November 6, 2007 when Deutsche elected to accelerate the Loan.  Doc. 12 ¶ 16.  Callan states, "[n]o payments were made after that time and there is no evidence the Loan was ever de-accelerated."  *Id.* ¶ 23.  Callan's

bankruptcy proceeding, however, created a stay on any action by Deutsche to enforce the lien under 11 U.S.C. § 362 and thus tolled the statute in Deutsche's favor during the pendency of the bankruptcy proceeding.  Adding four years to the November 6, 2007 accrual date and two months and 16 days for the bankruptcy stay places the date of expiration for Deutsche's lien on January 22, 2012.  Therefore, she argues, the third foreclosure application filed on August 27, 2012 is barred by the statute of limitations and she is entitled to summary judgment on her claims.  *Id.* ¶ 30–33.

Deutsche filed a response arguing that it rescinded the acceleration by its notice to Callan on November 3, 2011 (three days prior to the expiration of the statute of limitations), and attached the notice of rescission as an exhibit.  *Id.* ¶ 11; Doc. 15-1.  Callan filed a reply arguing that Deutsche cannot unilaterally rescind the acceleration after it has twice relied on the acceleration to initiate foreclosure proceedings.  Pl.'s Surreply ¶ 5–7 (Doc. 16).  Deutsche filed a surreply arguing that it effectively rescinded the acceleration by either 1) sending Callan the notice of rescission on November 3, 2011 or 2) dismissing its foreclosure action on November 5, 2008.  Def.'s Surreply ¶ 9 (Doc. 17).  In support of its argument that it rescinded the acceleration by notice, Deutsche relies on *Clawson v. GMAC Mortg. LLC*, 3:12-CV-00212, 2013 WL 1948128, at *4 (S.D. Tex. May 9, 2013) which states that a noteholder can abandon acceleration without express agreement from the borrower.  In support of its argument that it rescinded the acceleration by dismissing its first foreclosure action, Deutsche relies on *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. App.—Tyler 1974, no pet.) where the Texas Court of Appeals held that where a debtor made no objection, a creditor effectively rescinded its acceleration by voluntarily dismissing its claims.  *Id.* at 463 (citing *Manes v. Bletsch*, 239 S.W. 307 (Tex. App.—Austin 1922, no pet.)).

Here the facts clearly show that Deutsche did not rescind its acceleration when it dismissed the 2008 foreclosure proceeding.  Deutsche relied on the same November 6, 2007 notice of acceleration in filing its second foreclosure proceeding in February 2009.  If Deutsche rescinded the acceleration by dismissing the 2008 action, it could not have relied on the same notice of acceleration in filing the second action in 2009.  Its own actions make clear that Deutsche did not abandon the acceleration by dismissing the 2008 action.

Therefore, the sole issue for resolution of the parties' claims is whether Deutsche effectively rescinded the November 6, 2007 acceleration by notice on November 3, 2011.  The Magistrate Judge resolved the parties' claims on this issue alone by interpreting the relevant case law as allowing a noteholder to unilaterally rescind acceleration of a note under any circumstances.  The Court declines to adopt this interpretation of the case law.

In the M&R, the Magistrate Judge relied on two cases from the Texas Supreme Court: *San Antonio Real Estate Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386 (Tex. 1901) and *Holy Cross Church of God in Christ*, 44 S.W.3d 562 (Tex. 2001).  The M&R quoted the *San Antonio* case as follows:

> In *San Antonio Real Estate*…, the Court noted that while, 'neither party by his separate action or nonaction could impair the rights of the other,' a party may unilaterally waive his own rights by his 'conduct and declarations.'

M&R p. 6 (Doc. 20).  This particular excerpt of the quote and insertion of words is misleading.  It is necessary to read the quote in context to understand the holding of *San Antonio* and recognize that it is not applicable to the facts of this case.  The full quote states as follows:

> [W]hile neither party by his separate action or nonaction could impair the rights of the other, each could waive his own rights as they accrued from the default in payment of an installment so as to estop him from relying upon such default [to later assert his right].  To accomplish this, it would only be necessary that each should so act as to justify the other in believing and acting upon the belief that the effect of the failure to pay an installment was to be disregarded, and that the

contract should stand as if there had been no default.  The principle of estoppel by waiver would, we think have proper application in such a case.  An agreement or waiver having the effect supposed may be inferred from the conduct and declarations of the parties as well as evidenced by their express stipulations.

From *San Antonio*, the principle was recognized that a noteholder is estopped from asserting a right previously waived, such as a right to acceleration, where the debtor acted in reliance upon the belief that the noteholder had waived the right.  The court then adds that the waiver of the right may be inferred from the conduct or declaration of the parties.

The Texas Supreme Court cited *San Antonio* in *Holy Cross*, a much more recent case, for the proposition that, "Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting available remedies."  *Holy Cross*, 44 S.W.3d 562, 566–67 (Tex. 2001) (citing *City Nat'l Bank v. Pope*, 260 S.W. 903, 905 (Tex. App.—San Antonio 1924, no writ); *San Antonio Real Estate, Bldg. & Loan Ass'n v. Stewart*, 94 Tex. 441, 61 S.W. 386, 388 (1901); *Denbina v. City of Hurst,* 516 S.W.2d 460, 463 (Tex. App.—Tyler 1974, no writ).  Again, in this case the Texas Supreme Court was concerned that where the debtor acted in reliance on a particular course of action by the noteholder of either accelerating the debt or waiving its right to accelerate, the noteholder should be estopped from later changing course to the detriment of the debtor.  The language from these cases should not be manipulated to imply the inverse.

In *Holy Cross* and in all of the cases upon which it relies, the parties to the loan agreement in some way agreed by their *joint* actions or declarations to waive the acceleration.  Deutsche has not pointed to, and the Court cannot find, support in the law for the proposition that a noteholder may unilaterally rescind an option to accelerate where a debtor has acted in reliance on the fact of the acceleration.  Numerous cases state, however, that a noteholder cannot unilaterally rescind acceleration over the objection of the debtor or where the debtor has

detrimentally relied on the acceleration.  *See Manes v. Bletsch*, 239 S.W. 307, 308 (Tex. App.—Austin, 1922) (option to exercise acceleration is irrevocable as against the will of the payor); *Denbina*, 516 S.W.2d 460 (same); *Swoboda v. Wilshire Credit Corp.*, 975 S.W.2d 770, 776-77 (Tex. App.—Corpus Christi, 1998) *disapproved of on other grounds by Holy Cross* (Creditor cannot revoke option to accelerate where the debtor has detrimentally relied on the acceleration.).

Here the Deutsche exercised its right to accelerate for three years and 362 days and vigorously pursued that right in two foreclosure proceedings, causing the debtor to declare bankruptcy.  Unlike the cases cited above, Callan never made any affirmative action consistent with an agreed waiver of the acceleration.  The statute of limitations on Deutsche's lien is four years from the date of acceleration—November 6, 2011.  Deutsche is unabashedly trying to extend the statutorily defined limitations period after twice trying and failing to foreclose on its lien.  Equity demands that Deutsche cannot assert its right of acceleration to the end of the limitations period, only to abandon that right to extend the statute of limitations by another four years.   Deutsche's eleventh-hour rescission where Plaintiff had detrimentally relied on the acceleration was ineffective.  The lien expired on November 6, 2011 and is void.  For the reasons explained above, Plaintiff's claims for quiet title and declaratory judgment are granted.

1.    *Quiet Title*

Callan seeks to quiet title in the Property.  A suit to quiet title is an equitable action in which the plaintiff seeks to remove a cloud from her title created by an allegedly invalid claim. *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448 (Tex. App.—Austin 2006, no pet.).   A plaintiff in an action to quiet title must prove (1) she has an interest in specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid,

is invalid or unenforceable. *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *7 (S.D. Tex Feb. 21, 2012) (citations omitted).   "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Id.*

Callan began paying for the Property in 1971 and paid off the 30-year note in 2001.  Doc. 21 ¶ 1.  Her title to the Property is affected by Deutsche's claim under the Note, but for the reasons explained above, Deutsche's lien on the property is void.  Callan's claim for relief to quiet title is granted.

2.    *Declaratory Judgment*

Callan requests a declaratory judgment under the Texas Declaratory Judgment Act ("TDJA") that "more than four years have elapsed since [Deutsche]'s cause of action accrued and that the lien and power of sale have expired."  Doc. 11-1 ¶ 24.  When a declaratory judgment action is filed in state court and later removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.   The Declaratory Judgment Act "authorizes the federal courts to 'declare the rights and other legal relations of any interested party seeking such declaration.'" *Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 428 Fed. Appx. 364 (5th Cir. 2011).  "Such a declaration may issue only to resolve an actual controversy between the parties." *Id.*   The plaintiff has the burden to establish the existence of an actual controversy within the meaning of the act. *Id.*  Here, Callan has satisfied her burden to demonstrate that an actual controversy exists between the parties and that she is entitled to a declaration that more than four years have expired since Deutsche's cause of action accrued and its lien on the Property has expired.  Her claim for declaratory judgment is granted.

13 / 15

   *3.     Attorney Fees*

Callan moves for an award of attorney's fees and costs pursuant to the TDJA.  The Court, however, cannot award attorney's fees under the TDJA because it is bound to apply federal procedural law and the TDJA functions solely as a procedural mechanism.  *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (quoting *Housing Authority v. Valdez*, 841 S.W.2d 860, 864 (Tex. App.—Corpus Christi 1992, writ denied).  Accordingly, a party may not rely on the TDJA to authorize an award of attorney fees in federal court.  *Id.*  The federal Declaratory Judgment Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under [substantive] state law in a diversity action."  *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1998).  The only substantive state law claim Callan asserts is her claim to quiet title.  Attorney's fees are not available in an action to quiet title.  *Sadler v. Duvall*, 815 S.W.2d 285, 293—94 (Tex. App.—Texarkana 1991, writ denied).  As such, Callan's request for attorney fees in this case must be denied.

**IV.    Conclusion**

Accordingly, it is hereby

   **ORDERED** Defendant Deutsche Bank National Trust Company's Motion to for Summary Judgment (Doc. 6) is **DENIED**, Plaintiff Elizabeth Callan's Motion for Leave to File An Amended Complaint (Doc. 11) is **GRANTED**, and Plaintiff's Cross-Motion for Summary Judgment (Doc. 12) is **GRANTED**.  It is further

   **DECLARED** that Defendant Deutsche Bank National Trust Company's lien on Plaintiff's property at 4818 Bayou Vista Drive, Houston, Texas 77091 is **EXPIRED** and **VOID**.

   Final judgment will be entered by separate document.

14 / 15

SIGNED at Houston, Texas, this 27th day of March, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE